# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBIN PETROVIC, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 06 C 6111 |
| CITY OF CHICAGO, OFFICER JAMES ) | |
| CHEVAS, OFFICER MARGARET ) | |
| BERKENMAYER, OFFICER AXEL ) | Magistrate Judge Maria Valdez |
| VELAZQUEZ, OFFICER JOHN CRUZ, ) | |
| OFFICER THEODORE MAGNO, ) | |
| SERGEANT SPRANDEL AND UNKNOWN ) | |
| CHICAGO POLICE OFFICERS, ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this Motion to Bar [Doc. No. 76] seeking to prevent two witnesses, a Ms. Howard and a Mr. Corbin, from testifying at trial. Both potential witnesses were present during some of the events which led to this federal lawsuit. Plaintiff seeks to bar these witnesses because the defendants failed to timely disclose the existence of verbatim tape recordings of interviews conducted of these witnesses by defendants' investigator and because defendants failed to timely submit a privilege log.

### Background

This case concerns events which occurred at the Funky Buddha Lounge in Chicago (hereinafter "the Funky Buddha"). As its name implies, it appears that the Funky Buddha is a social gathering spot where alcoholic beverages are served. Plaintiff has alleged that while a

patron of the Funky Buddha she was a victim of a battery by a bouncer. She further alleges that after calling the police to assist her, she was beaten, called derogatory names relating to her gender and denied medical treatment by the defendants. Defendants have denied the allegations.

The two potential witnesses at issue in this motion were mentioned early on in discovery. Ms. Howard (a Funky Buddha waitress) was listed on both the plaintiff's and defendants' Rule 26(a)(1) disclosures while Mr. Corbin (a Funky Buddha manager) was listed only on defendants' disclosure. Plaintiff initially asked for all witness statements, including recorded statements, in her First Set of Requests to Produce Nos. 18 & 20 dated February 8, 2007. On April 20, 2007, Defendants responded by not objecting to these requests and not identifying any recorded statements.

According to the defendants, their investigator interviewed Ms. Howard on June 6, 2007 and Mr. Corbin on May 9, 2007 and made an audio recording of both interviews. The recordings were made with the permission of Ms. Howard and Mr. Corbin. Defendants assert that while they were aware of the interviews, they were not aware that their own investigator made an audio recording of the interviews. Defendants state that they became aware of the audio recordings during the deposition of Ms. Howard which was conducted by the Plaintiff on July 23, 2007. On July 27, 2007, defendants wrote a letter to Plaintiff's counsel wherein they state that "the recorded statements are protected from disclosure by the work-product privilege." (Defs.' Resp., Ex. C).

## Discussion

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the information is not privileged, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The parties do not dispute the relevancy of the information at issue.

When a party seeks to withhold relevant information due to a claim of privilege, Rule 26 (b)(5) requires that the withholding party make the claim expressly and shall describe the nature of the withheld material so as to enable other party to determine the existence of the privilege. Further, in order to withhold disclosure based on privilege under Rule 26(b)(3) a party claiming protection must satisfy three necessary elements. The material must be: 1) documents and tangible things; 2) prepared in anticipation of litigation or for trial; and 3) by or for a party or by or for a party's representative. Once the protecting party meets this standard, then the burden shifts to the seeking party to overcome the protection by a showing of: 1) substantial need for the materials, and 2) inability to obtain the substantial equivalent of the information without undue hardship.

*Privilege Log*

The party seeking to protect information from disclosure must expressly claim the material is protected as work product, and must describe the nature of the material in such a way that the requesting party can "assess the applicability of the privilege or protection." Fed. R.

Civ. P. 26(b)(5). In the event that a party withholds otherwise discoverable information on the ground of privilege, the withholding party generally must provide a log of the documents withheld or its functional equivalent. *See* Fed. R. Civ. P. 26(b)(5). Any privilege log must be detailed enough to enable other parties to assess the applicability of the privilege asserted, and should include: (1) the name and capacity of each individual from whom or to whom a document was sent; (2) the date of the document and any attachments; (3) the type of document; (4) the Bates numbers of the documents; (5) the nature of the privilege asserted; and (6) a description of the subject matter in sufficient detail to determine if the document constitutes work product. *See Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992) (noting that "[a]ny failure to comply with these directions will result in a finding that the . . . discovery opponents have failed to meet their burden of establish[ing] the applicability of the privilege."); *see also Allen v. Chicago Transit Auth.*, 198 F.R.D. 495, 498 n.1 (N.D. Ill. 2001) (same).

Here, Defendants' privilege log consists of their letter of July 27, 2007 wherein they provide information on the existence of "certain audio recordings" of Ms. Howard and Mr. Corbin, the Bates number of the recordings and a general assertion of "the work-product privilege." (Defs.' Resp., Ex. C.) The log did not contain any information on who conducted the interview, what date the interview was conducted, or in what capacity the interviewer worked for Defendants. Nor was there a description of the subject matter. In short, the letter of July 27, 2007 was not an adequate privilege log particularly since it did not provide all of the relevant information for the Plaintiff to adequately assess the legitimacy of the privilege. Generally, the result of an inadequate privilege log is disclosure. *See Mold-Masters Ltd. v. Husky Injection Molding Systems Ltd*, No. 01-C-1576, 2001 WL 1558303, at *2 (N.D. Ill. 2001) ("If the

4

description falls below this standard and fails to provide sufficient information for the court and the party seeking disclosure to assess the applicability of the attorney-client privilege or work product doctrine, then disclosure of the document is an appropriate sanction.").

Further, the privilege log was produced nearly two full months after the interview of Ms. Howard took place.[1] Defendants neither produced a privilege log in a timely fashion, nor did they seek to supplement their prior discovery responses. It was only until the fact that the interviews were audio taped did a privilege log get produced. But the privilege log should have been produced after the interviews and as a supplement to their written discovery. Plaintiff argues that a waiver has occurred as a result. Rather than impose a sanction as severe as waiver, this Court will address an appropriate remedy below.

*Tangible Things*

Even if the work product privilege was properly invoked through the July 27, 2007 letter the analysis is not complete. A party withholding discoverable material under a claim that it is privileged as work product bears the burden of proving that the information is shielded from discovery. *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1119 (7th Cir. 1983).

Not specifically raised by the Plaintiff in her motion is the legal question of whether verbatim audio recordings are the type of "document or tangible thing" protected by the privilege. Defendant believes they are, and cites to *Anderson v. Hale*, 202 F.R.D. 548 (N.D. Ill.

---

[1] Although Defendants may not have been aware of the audio recording, they were aware that the interview took place, information was gleaned, but no privilege log was forthcoming.

2001). There, Judge Ashman found that audio tapes of interviews "fall within th[e] broad definition . . . [and] are consumed under the nebulous definition of 'tangible things.'" *Id.* at 554.

While memoranda based on oral statements of witnesses are "the sort of material the draftsmen of the Rule 26 had in mind as deserving special attention," *Upjohn Company v. U.S.*, 449 U.S. 383, 400 (1981), the Court emphasized that the important protection served by the privilege was the prohibition of revealing the attorney's mental processes. *Id*. at 399. Whether a verbatim audio recording can lead to revealing an attorney's mental process is an interesting question. Particularly since a third-party (the interviewee) would be present during this "revelation," a strong argument can be made that the privilege has been waived.

Nonetheless, Plaintiff does not challenge this aspect of the privilege so this Court will not rule on it one way or the other. Since it was not raised, this Court will presume that a verbatim audio recording is a "tangible" thing under the Rule for purposes of this motion.

***Procured During the Course of Litigation by a Party's Representative***

Although the privilege log failed to identify the interviewer or his/her relationship to the defense, through the course of litigating this issue it appears that there is no dispute that the unnamed investigator who conducted the interviews is an agent of the Defendants and the interviews took place during the pendency of this litigation. Since the work product privilege protects material prepared by investigators for the lawyer, this is a nonissue. *United States v. Nobles*, 422 U.S. 225, 238 (1975).

**Duty to Supplement Prior Discovery Responses**

Before addressing the potential hardship and unavailability of the information to the Plaintiff, the Court notes that even if the audio recordings are protected by the work product privilege the information gleaned during the interviews is subject to disclosure. In *Hickman v. Taylor*, 329 U.S. 495, 512-13 (1947), the Supreme Court unanimously adopted a work product privilege. The Court distinguished between disclosure of the facts learned from interviews and the attorney's or agent's notes taken during the interview. While providing protection to the documents, the Court nonetheless held that the facts gathered in the interviews must be disclosed in response to interrogatories or other proper discovery requests. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Id*. at 507. Defendant's counsel was required to make full and complete answers to supplement interrogatories as to the circumstances surrounding the events in question which "would necessarily have included all pertinent information gleaned by [counsel] through his interviews with the witnesses." *Id*. at 508.

Defendants never supplemented their discovery responses with the information they received from the witness interviews. Although Defendants were not aware that their investigator audio taped the interviews, they were aware that the interviews were conducted a full month and a half before Ms. Howard's deposition. Without the benefit of this information, Plaintiff deposed Ms. Howard and did not have a full opportunity to test her knowledge. She may not have anything different to say, but we don't know that because we don't know what information she conveyed to Defendants' investigator.

7

Defendants are ordered to supplement their prior responses to written discovery pursuant to Rule 26(e) by setting forth all relevant information gleaned from the interviews of Ms. Howard and Mr. Corbin.

*Substantial Need and Undue Hardship*

Because the audio recordings are attorney work product, under Rule 26(b)(3) the Court can compel Defendants to produce them only if Plaintiff establishes that she has a substantial need for the recordings and is unable to obtain the substantial equivalent of the information compiled in the database without undue hardship. Most of the factual information sought should be provided in the supplemental answers to written discovery that this Court has ordered or through depositions.

In addition, this Court can fashion a remedy to deal with the prejudice placed on the Plaintiff by the late disclosure of information. While this Court can order the disclosure of the audio recordings based on the deficient privilege log alone, *see Allendale Mut. Ins. Co.*, 145 F.R.D. at 88, this Court declines to do so. Instead, an appropriate sanction for the deficient privilege log, the two-months-after-the-fact privilege log and the non-compliance with the duty to supplement discovery under Rule 26(e) is to require the re-deposition of Ms. Howard at the Defendants' expense. [2]

## CONCLUSION

---

[2] Plaintiff also urges this Court to find that the conduct of Defendants has been willful and in violation of the professional rules of conduct. This Court declines to make such a finding. Although there have been substantial deficiencies, there is nothing to suggest to this Court that there has been an intentional plan to obstruct Plaintiff's access to evidence.

The Court grants in part and denies in part Plaintiff's Motion to Bar [Doc. No. 76]. The Court will not order witnesses Howard and Corbin barred from trial at this time. The Court does order Defendants to supplement their discovery responses with all relevant information gleaned from the Howard and Corbin interviews within seven (7) days of this order. Defendants are further order to pay the cost to the Plaintiff for the re-deposition of Ms. Howard. Ms. Howard's re-deposition, if required by Plaintiff, is to occur within 30 days of this order.

**SO ORDERED.**  **ENTERED:**

**Dated: August 21, 2007**  _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**