**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBIN PETROVIC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 06 C 6111 |
| CITY OF CHICAGO, OFFICER JAMES CHEVAS, OFFICER MARGARET BERKENMAYER, OFFICER AXEL VELAZQUEZ, OFFICER JOHN CRUZ, OFFICER THEODORE MAGNO, SERGEANT LAWRENCE SPRANDEL AND UNKNOWN CHICAGO POLICE OFFICERS, TISA MORRIS, PHILIP CLINE | ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Maria Valdez |
| **Defendants.** | | |

MEMORANDUM OPINION AND ORDER

Defendants bring this Motion to Bar [Doc. No. 108] to prevent Mr. J. Thomas from testifying at trial. Mr. Thomas had previously filed an Office of Professional Standards ("OPS") complaint against Defendants. Defendants seeks to bar Mr. J. Thomas from testifying at trial because he does not qualify as a Rule 404(b) witness; in the alternative, Defendants request time to depose Mr. Thomas. For the reasons that follow, Defendants' Motion to Bar J. Thomas is GRANTED in part, DENIED in part.

Background

This case concerns events which occurred at the Funky Buddha Lounge in Chicago. As its name implies, it appears that the Funky Buddha is a social gathering spot where alcoholic

beverages are served. Plaintiff has alleged that while a patron of the Funky Buddha she was a victim of a battery by a bouncer. She further alleges that after calling the police to assist her, she was beaten, called derogatory names relating to her gender and denied medical treatment by the defendants. Specifically, she alleges that Defendant Chevas kicked her in the head, stomped on her head and ear, and kicked her in the groin while calling her a "bitch" and a "cunt," and never offered or provided her with medical care. Defendants have denied the allegations.

To support her claims, Plaintiff seeks to enter into evidence testimony from a Mr. J. Thomas ("Thomas") regarding an excessive force complaint he filed against Chevas with the Chicago Police Department's Office of Professional Standards ("OPS") for act occurring in 1997. If allowed to testify, Thomas would say that he was beaten by Chevas after he and his wife called the police to report a disturbance downstairs; that Chevas arrived on the scene and handcuffed Thomas, threw him down 17 stairs, stomped on his head and ear, and lodged profane and derogatory terms at Thomas and his wife. *See* Ex. A, C.R. 23517, at C2123, C2156-57. Thomas would also testify that Chevas did not provide Thomas with medical attention even though Thomas was on the floor, bloody and unconscious. *Id*. As a result of Thomas' complaint, OPS sustained Thomas' excessive force allegations against Officer Chevas. Defendants seek to bar Thomas from testifying as a 404(b) witness.

## DISCUSSION

Generally, motions *in limine* to exclude evidence before trial are disfavored. *See Cox v. Prime Fin. Mortgage Corp.*, No. 05 C 4814, 2006 WL 1049948, at *1 (N.D.Ill. Apr. 20, 2006); *McGreal v. Village of Alsip*, No. 98 C 3958, 2004 WL 2066915, at *2 (N.D.Ill. Sept. 9, 2004); *Native Am. Arts v. Earthdweller, Ltd.*, No. 01 C 2370, 2002 WL 1173513, at *1 (N.D.Ill. May

31, 2002). Evidence may be excluded *in limine* only where it is clearly inadmissible for any purpose. *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993). The better course of action is to decide questions of the admissibility of evidence at trial, where issues concerning foundation, relevance, and prejudice can be addressed and resolved in the proper context, without the risk of inappropriate pretrial exclusion of properly admissible evidence. *See Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, No. 02 C 3293, 2005 WL 289967, at * 1 (N.D.Ill. Feb. 4, 2005) ("Instead of barring evidence before trial, the preferred practice is to resolve questions of admissibility as they arise. . . . By deferring evidentiary rulings until trial, courts can properly resolve questions of foundation, relevancy, and prejudice.")

Under Rule 404(b), evidence of prior convictions or other misconduct is not admissible to show a defendant's propensity to commit crime or that a defendant acted in conformity with the incident in question. *United States v. Best*, 250 F.3d 1084, 1090 (7th Cir. 2001); *United States v. Walsh*, 231 F.3d 366, 370 (7th Cir. 2000); *United States v. Lewis*, 110 F.3d 417, 419 (7th Cir. 1997). Such evidence is only admissible for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, or identity." *Best*, 250 F.3d at 1090; citing *Walsh*, 231 F.3d at 370. In *Treece v. Hochstetler*, 213 F.3d 360, 363-64 (7th Cir. 2000), the Seventh Circuit reiterated the four-part test to determine admissibility of such evidence:

> (1) the evidence must be directed towards establishing a matter in issue other than the defendant's propensity to commit a crime, (2) must show that the other act is similar enough and close enough in time to be relevant to the matter in issue (3) the evidence is sufficient to support a jury finding that defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *Id.*

Defendants argue that allowing Thomas to testify about his OPS complaint would be impermissible propensity evidence. Plaintiff counters that Thomas' testimony is not mere

3

propensity evidence but will establish intent, plan, modus operandi, and absence of mistake by Chevas when he allegedly injured Plaintiff and allegedly denied her medical attention.

Plaintiff's contention finds support in the case of *Wilson v. City of Chicago*, 6 F.3d 1233 (7th Cir. 1993). In *Wilson*, the Seventh Circuit held that where the plaintiff claimed he was tortured into giving a confession, evidence that the same officers had tortured two other suspects, should have been admitted under Federal Rule of Evidence 404(b) to show intent, plan, modus operandi, and absence of mistake. *Id.* at 1238. Similarly, relying on *Wilson*, Judge Shadur in *Edwards v. Thomas*, 31 F.Supp.2d 1069, 1074 (N.D.Ill. 1999), allowed the plaintiff to use evidence of a sustained excessive force complaint against the defendant officer in order to establish the officer's intent to use excessive force against the plaintiff. More recently, in *Okai v. Verfuth*, 275 F.3d 606, 611 (7th Cir. 2001), the Seventh Circuit declined to find reversible error in the trial court's admission of 404(b) evidence. In *Okai*, the Seventh Circuit looked to Judge Shadur's *Edwards* opinion and held that a stronger case for the admissibility of 404(b) evidence exists where a plaintiff has "<u>actual evidence</u>, in the form of sustained complaints or potential witness testimony . . . " of prior misconduct. *Id*. (emphasis in the original)

Like *Edwards*, the Plaintiff in this case has proof of a sustained excessive force complaint against the officer in question and a witness to testify as to the sustained complaint. Thus, Plaintiff's use of the sustained complaint to show intent, plan, *modus operandi*, and absence of mistake satisfies the first element of the 404(b) test.

Next, Defendants argue that the facts surrounding Thomas' excessive force complaint and Plaintiff's allegations neither are similar enough nor close enough in time to meet the second element of the test. According to the Plaintiff, Chevas' beat her and Thomas in a similar

4

manner: by handcuffing them, throwing them on the floor, and stomping on their head. Plaintiff also contends that both Plaintiff and Thomas had consumed alcohol prior to their interactions, both claim to be injured after calling the police for help, and both were denied medical assistance by Chevas. Defendants contend that the differences between the two cases – that Thomas was injured at his house and Plaintiff at a bar, and that Chevas injured Thomas after responding to his 911 call, but injured Plaintiff after being a bystander--is enough to bar the evidence. Thomas' experience need not be identical to Plaintiff's to be admissible. *See United States v. York,* 933 F.2d 1343 (7th Cir.), *cert. denied*, 112 S. Ct. 321 (1991) (if prior act is sufficiently similar in type, it need not be a "duplicate[] of the one for which the defendant is now being tried"). This Court finds that the events surrounding Chevas' OPS complaint are "sufficiently similar."

As to the proximity in time prong, Defendants assert that too much time has lapsed between Thomas' OPS complaint and the incidents underlying Plaintiff's complaint to be relevant under the 404(b) test. But, "the temporal proximity of the prior acts to the current charge is not alone determinative of admissibility." *United States v. Macedo*, 406 F.3d 778, 793 (7th Cir. 2005) (Nine year-gap between prior conduct and conduct charge close enough in time to make prior act admissible)*; United States v. Wimberly,* 60 F.3d 281, 285 (7th Cir. 1995) (admitting prior bad act evidence that occurred thirteen years prior to charge when evidence was highly reliable and relevant to credibility). Eight years between the events surrounding Thomas' OPS complaint and the incidents underlying Plaintiff's complaint is not so large as to automatically preclude Thomas' testimony. *See United States v. Kreiser*, 15 F.3d 635, 640 (7th Cir. 1994) (holding that seven years is sufficiently close in time for 404(b) purposes). Although

5

an appreciable amount of time has lapsed between the two events, on balance, this Court finds that Plaintiff has met the second element of the test.

The third prong determines the credibility of the alleged prior act so that the evidence must be sufficient enough to support a jury finding that defendant committed the similar act. Defendants do not believe that a sustained OPS complaint is sufficient to support a jury finding that Chevas committed the alleged act. However, in *Edwards*, the court held that where an OPS complaint is sustained "the evidence is sufficient to support a jury finding that the defendant committed the similar act." *Edwards*, 31 F.Supp.2d at 1074-75. Because we also have a sustained complaint in this case, the Court finds this sufficient evidence to meet the third prong.

Nonetheless, this Court must still determine whether unfair prejudice will result from the admission of the disputed evidence. Defendants are correct in suggesting that the evidence may be prejudicial because the sustained complaint involved inappropriate behavior. Yet, Rule 403 of the Federal Rules of Evidence speaks only of the danger of unfair prejudice, not all prejudice. Any prejudice that may result can be mitigated against by an appropriate cautionary instruction to the jury. *See also United States v. Hernandez*, 84 F.3d 931, 935-36 (7th Cir. 1996); *United States v. Denberg*, 212 F.3d 987, 994 (7th Cir. 2000).

Lastly, Defendants also complain that a "trial within a trial" will result on the issues surrounding Thomas' OPS complaint. Defendants' argument relies principally upon two cases where internal complaints to the Chicago Police Department were excluded from trial because they may cause a "trial within a trial." *See Heflin v. City of Chicago*, 1996 WL 28238 (N.D. Ill. Jan. 22, 1996); *see also Jones v. Hamelman*, 869 F.2d 1023 (7th Cir. 1989). But both *Heflin* and *Jones* involved internal police complaints that were either not sustained or never brought before

6

the Office of Professional Standards.  Here we have a sustained complaint.  *Heflin* and *Jones* are factually inapposite.

Thus, the Court determines that all four elements are meet under 404(b).  Defendants' motion *in limine* to bar Thomas as a witness will be denied.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Bar J. Thomas' Testimony or in the Alternative to Depose Thomas [Doc. No. 180] is GRANTED in part and  DENIED in part.  Mr. J. Thomas' testimony will not be barred at the pretrial stage.  Defendants' request to depose J. Thomas is granted.

**SO ORDERED.**                                     **ENTERED:**

**Dated:** ___3/21/08_____

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**